

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-4144
Re: Statutes determining
correct salaries which
may be paid to assistant
juvenile officers and
highway traffic officers
of Harris County.

The following material portion of your letter of November 18, 1941, requesting an opinion of this department, are set forth:

"Harris County is governed by Article 5142a, Vernon's Annotated Texas Statutes, with respect to the operation of the County Juvenile Board, and the matters which are therein covered and embraced within the Acts of 1931, Forty-Second Legislature, Page 759, Chapter 302, as amended, carried as Sections 1 through 7 of said statute.

"The County Juvenile Board duly appointed a juvenile officer for Harris County, and such juvenile officer has selected assistant juvenile officers, the names, number of assistants, and salaries to be paid each having been approved by the Juvenile Board and the Commissioners' Court. * * *.

"* * *.

"In a list submitted to me for approval were the salaries of three assistant probation

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

for under a subdivision of Section 19, Chapter 465, as amended. The second two positions, as department heads, are not provided by Article 3902 in the amount of salary requested, but are so provided by Chapter 465, as amended.

"The question arises in determining the correct salaries which may be paid to assistants to the chief probation officer in Harris County. Is Article 3902, as it now exists, the yardstick by which said salaries are to be measured? Or, may the provisions of Chapter 465, relating to deputies and assistants, be used as the basis of determining salaries to be paid to probation officers?

"* * *.

"We have a similar situation with respect to Article 6699b, Vernon's Annotated Texas Statutes, Page 120, Pocket Part, concerning the salaries of county traffic officers. As will be observed from Section 2, the salaries of such deputies shall be the same as those fixed in Article 3902. This act was passed at the Regular Session of the Forty-fourth Legislature, 1935, at Page 711.

"In approving for payment warrants issued for the salaries of assistants to the juvenile officer and highway traffic officers, am I to be governed as to the maximum by the provisions of Article 3902, or by the provisions of Chapter 465 as contended by the officials presenting such pay rolls and warrants for my approval?"

Article 5142a, Section 1, Vernon's Annotated Civil Statutes, provides:

"Section 1. Provided that in counties having a population of more than three hundred and fifty thousand (350,000) inhabitants according to the last preceding or any future Federal Census the County Juvenile Board shall appoint a juvenile officer for a term of two (2) years at a salary not to exceed Five Thousand Dollars ($5,000) per annum, to be fixed by the County Juvenile Board subject to the approval of the Commissioners Court to be paid monthly by the county, whose extra duties will be to make investigations for the Commissioners Court on applications for charity or admission into detention homes or orphan homes created by such counties. Such juvenile officer may select assistant juvenile officers sub-ject

subject to the approval of such Board, the number
of such assistants to be determined by the Juvenile
Board subject to the approval of the Commissioners
Court.  The salaries of such assistants shall be the
same as that fixed in Article 3902 of the Revised
Civil Statutes of Texas, of 1925, and as amended for
assistants to other officials, except that the head
of a department need not have before served for any
particular period of time, efficiency being called
for in such counties.  Such juvenile officers may be
allowed expenses not to exceed Two Hundred Dollars
($200) a year each."

Article 3912e, Section 19, Subdivision (h), Vernon's
Annotated Civil Statutes, in part, provides:

"(h)  Whenever any district or county officer,
or precinct officer when such officer is compensated
on a salary basis, with the exception of district
attorneys and criminal district attorneys, shall re-
quire the services of deputies, assistants, and em-
ployees in the performance of his duties he shall ap-
ply to the Commissioners' Court for authority to ap-
point such deputies, assistants, and employees, stat-
ing by sworn application the number needed, the posi-
tion to be filled, the duties, to be performed, and
the amount to be paid.  * * *.  The maximum compensa-
tion which may be allowed to the deputies, assistants,
or clerks above named for their services shall be as
follows:

"* * *.

"Provided, that in counties having a population
of three hundred and fifty-five thousand (355,000) or
more, according to the last preceding Federal Census,
whenever any district or county officer, or precinct
officer when such precinct officer is compensated on
a salary basis, with the exception of district attor-
neys and criminal district attorneys, shall require
the services of deputies, assistants, and employees,
in the performance of his duties, he shall apply in
writing to the Commissioners Court of his county for
authority to appoint such deputies, assistants, and
employees, such written application to be sworn to
and to set forth the number needed, the positions to
be filled, the duties to be performed, and the amount
of compensation to be paid.  * * *.  The maximum

compensation which may be allowed to the deputies, assistants, and employees of the officers hereby affected for their services shall be as follows:

"First Assistant or Chief Deputy not to exceed Three Thousand, Six Hundred Dollars ($3,600) per annum, one Assistant Chief Deputy not to exceed Three Thousand Dollars ($3,000) per annum; other assistants, deputies, and employees not to exceed Two Thousand, Four Hundred Dollars ($2,400) per annum each; provided further that the First Assistant or Chief Deputy in county and district offices affected hereby shall receive not less than Three Thousand Dollars ($3,000) per annum; provided further that heads of departments may each be allowed by the Commissioners Court, when necessary in the judgment of such Court, to receive respective salaries not to exceed the rate of Two Thousand, Five Hundred Dollars ($2,500) per annum, when such heads of departments sought to be appointed shall have previously served the county or district by which they are employed for not less than two (2) continuous years, but no head of a department shall be created except where the person sought to be appointed is to be in actual charge of the department with deputies or assistants under his supervision, and such heads of departments shall only be appointed in offices capabel of a bona fide subdivision into departments; * * *."

The last amendment to Article 3902 by direct reference to the Article as set forth in the Revised Civil Statutes, 1925, and by subsequent amendments as incorporated in Vernon's Annotated Civil Statutes, is found in the Acts of 1935, 44th Legislature, 2nd Called Session, Chapter 465 and specifically set forth under Section 14 thereof. This Act, being Senate Bill No. 5, was a very comprehensive law pertaining to compensation of district, county and precinct officers throughout the State and as shown in its caption, was entitled an act also "providing for the appointment and payment of deputies, assistants, clerks and employees in district, county and precinct officers; * * *." Thus by Section 14, Article 3902, Revised Civil Statutes of 1925 with all amendments thereto is expressly amended, applying to certain counties with various population brackets and including counties having not more than a hundred and ninety thousand inhabitants. Further along in the Act, Section 19, applicable to counties having a population in excess of one hundred and ninety thousand inhabitants, according to the last preceding Federal Census is found in Subdivision (h), relating to the same subject as expressed in Section 14. Thus

Section 14 standing alone would be incomplete and fall as a general law, applicable to all counties, were not the provisions of Section 19 and Subdivision (h) provided. Carrying out the general purpose of the Legislature, it is our view that Subdivision (h) of Section 19 of the 1935 Act is to be construed therefore as a part of Article 3902 as amended and expressly set forth under Section 14 of the same Act as if it had been inserted as a proviso or subdivision under that section in the original bill.

That chapter 465, Acts 1935, 44th Legislature, 2nd Called Session, controls over all other provisions of the general law relative to the same subject, is expressed by the Legislature in Section 22 of said Senate Bill No. 5, which provides:

"* * *. It is hereby declared to be the intention of the Legislature that the compensation, limitations and maximums fixed in this Act for the named officers, their deputies, assistants and employees control over any other provisions contained in all laws, general and special."

We quote from 39 Tex. Jur. Page 127 as follows:

"The operation and effect of an amendatory act depends upon its character and scope. Obviously an act that re-enacts and publishes a prior law as a whole supercedes the original, although the actual changes effected are of minor character, and although the construction of the new act may not differ materially from the old. Likewise, when a particular article or section is amended, by re-enactment and publication in accordance with the constitutional requirement, the provision as amended becomes a part of the original statute and takes the place of the provision amended, * * *. And where an act is amended by the addition of a new section, the added section becomes a part of the original statute from the date of its enactment."

On page 268 of the same authority, it is said:

"A 'liberal' construction of a statute is one that accords with the intention of the Legislature and the subject, spirit, purpose or object of the enactment. Such a construction disregards mere technical distinctions and gives the enactment the most

comprehensive application of which it is susceptible without doing violence to any of its terms. * * *. The primary rule is that general statutes will be liberally construed not merely to effectuate the legislative object but to promote the public interest or welfare or to safeguard private rights."

It is held in Shipley vs. Floydada Ind. School Dist. (Tex. Com. App.) 250 S. W. 159, that where an act is amended as to only one section, the original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted, while the new provisions are to be construed as having been enacted at the time the amendment took effect. Also, it was held that when new provisions are introduced into a statute by amendment, the amended act and all its sections, new and old, must be construed as a harmonious whole.

It will be noted that Article 5142a, supra, provides that the salaries of such assistants shall be the same as that fixed in Article 3902 of the Revised Civil Statutes of Texas, of 1925, and as amended for assistants to other officials, except that the head of a department need not have before served for any particular period of time. This language we think is clear and unambiguous and can refer only to the general law on the same subject found in Article 3912e, Section 19, Subdivision (h) and its subsequent amendment, which with Article 3902 found re-enacted and set forth under Section 14 of said law, is applicable to all salaried counties.

We note that you mention Article 6699b, Vernon's Annotated Civil Statutes, relating to county traffic officers. We call your attention to the case of Anderson, County Judge, et al, vs. Wood, Sheriff, 152 S. W. (2d) 1084, wherein the Supreme Court strikes down this statute as unconstitutional. It this becomes necessary that this opinion deal with those county traffic officers whose appointments are authorized under the provisions of Article 6699, as amended, Acts of 1937, 45th Legislature, Page 438, Chapter 225.

Article 6699, Vernon's Annotated Civil Statutes, relating to county traffic officers, provides:

"The Commissioners Court of each county, acting in conjunction with the Sheriff, may employ not more than two (2) regular deputies, nor more than two (2) additional deputies for special emergency to aid said regular deputies, to be known as county traffic officers

to enforce the highway laws of this State regulating the use of the public highway by motor vehicles. Said deputies shall be, whenever practicable, motorcycles riders, and shall be assigned to work under the direction of the Sheriff. They shall give bond and take oath of office as other deputies. They may be dismissed from service on request of the Sheriff whenever approved by the Commissioners Court, or by said Court on its own initiative, whenever their services are no longer needed or have not been satisfactory. The Commissioners Court shall fix their compensation prior to their selection; and may provide at the expense of the county, necessary equipment for said officers. The pay of said deputies shall not be included in the settlements of the Sheriff in accounting for the fees of office. For the purpose of this law, the Commissioners Court of counties whose funds from the motor registration fees provided herein amount to Thirty Thousand Dollars ($30,000) or over, may use not exceeding five (5) per cent of said funds; and not to exceed seven and one-half (7½) per cent of such funds in counties receiving a lesser amount from such registration. Said deputies shall at all times cooperate with the police department of each city or town within the county, in the enforcement of said traffic laws therein and in all other parts of the county, and shall have the same right and duty to arrest violators of all laws as other Deputy Sheriffs have."

The foregoing statute makes no reference to Article 3902 or its subject as a general law fixing salaries for assistants to other county officials. It expressly provides that the pay of such deputies shall not be included in the settlements of the Sheriff in accounting for the fees of office and that for the purpose of the law, the Commissioners' Courts of counties whose funds from the motor registration fees amount to Thirty Thousand Dollars ($30,000.00) or over, may use not exceeding five (5) per cent of said funds; and not to exceed seven and one-half (7½) per cent of such funds in counties receiving a lesser amount from such registration. Such provision fixes the fund and maximum expenditures for the purpose which of course includes the salaries of the officers named therein. As provided in the Act, such officers' salaries are to be fixed by the Commissioners' Court prior to their selection.

Answering your request, it is therefore the opinion of this department that the salaries of authorized assistant

juvenile officers of Harris County are determined by Article 3912e, Section 19, Subdivision (h), Vernon's Annotated Civil Statutes, which latter provision is to be construed as a part of the general law, Article 3902, Revised Civil Statutes, as amended therein.

As to the traffic deputies authorized by Article 6699, Vernon's Annotated Civil Statutes, it is further the opinion of this department that the order of the Commissioners' Court fixing their salaries within the limitation of funds therein provided, entered prior to their selection, will govern the county auditor in approving warrants for payment of their salaries.

Yours very truly

APPROVED DEC. 31, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

WJRK:RS

APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN

ATTORNEY GENERAL OF TEXAS

By

/s/Wm. J. R. King
Assistant